# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HANCOCK BANK, a Mississippi banking corporation,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:13-cv-318-Orl-19DAB**

**LEXON HOMES, INC., a Florida corporation; JOSEPH KANTOR, an individual; MOSHE ZIV, an individual; jointly and severally; CITY OF ORLANDO, ET AL.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument[1] on Plaintiff's response (Doc. 19) to the Court's Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction (Doc.5). Upon review of the papers and the applicable law, it is **respectfully recommended** that the Complaint be **dismissed, with leave to amend**.

The Complaint in this action purports to state a cause of action under the Court's diversity jurisdiction, for foreclosure of real and personal property, breach of contract, and related counts, alleging damages in excess of $75,000.00. Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). In order to achieve complete diversity no party plaintiff may be

---

[1] Plaintiff has provided a response which includes over 160 pages of evidence and briefing. As such, the Request for oral argument is denied, as unnecessary.

a citizen of the same state as any of the defendants. *Owen Equipment*, 437 U.S. at 373. For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1192- 93, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship). By contrast, a limited liability company or partnership is a citizen of any state of which a member is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *Mallory & Evans Contractors & Engineers, LLC. v. Tuskegee Univ.*, 663 F.3d 1304 (11th Cir. 2011) (reaffirming that a limited liability company is a citizen of any state of which a member of the company is a citizen).

As set forth in the show cause Order, the Complaint names numerous individuals and entities as party-Defendants but does not adequately allege citizenship of each party. The Court noted that the citizenship of several of the individual Defendants was not set forth, and the showing with respect to the corporate and limited liability companies was inadequate. Moreover, to the extent the Complaint purported to foreclose the interest of several "unknown tenants," Plaintiff was directed to show cause as to why a showing of the citizenship of these defendants is not required to evaluate diversity. In response, Plaintiff dismissed claims against three of the four unknown tenants and filed a response that purports to address the Court's concerns with respect to the other parties (Doc. 19). The response is not adequate, however.

Although Plaintiff has dropped the "unknown" parties and provided information[2] as to the citizenship of the corporate entities, neither the Complaint nor the response provides sufficient information to evaluate whether the Court has diversity jurisdiction with respect to the individuals. The response indicates that "upon information and belief" certain individuals are citizens of certain states, based, apparently on their residence addresses. As this Court recently noted, however:

> "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994) (finding no jurisdiction on diversity grounds where the plaintiff did "not allege the citizenship of the natural defendants or the principal place of business for the corporate defendants"); *see also Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1342 n. 12 (11th Cir.2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants.")

*Spence v. Bank of America, N.A.,* No. 8:12–cv–2794–T–33TGW , 2013 WL 616942, * 2 (M.D. Fla. Feb. 19, 2013). To the extent the instant Complaint does not allege the citizenship of all parties, and as claims against some Defendants have been dropped, it is **respectfully recommended** that the instant Complaint be **dismissed** for failure to properly allege the citizenship of defendants sufficient to evaluate jurisdiction, with leave to replead to state same and to eliminate the claims against the unknown parties.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 19, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2]Note that simply providing information in a separate filing is inadequate. Plaintiff must set forth adequate jurisdictional facts in an amended complaint.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

Case 6:13-cv-00318-CEM-DAB   Document 27   Filed 03/19/13   Page 4 of 4 PageID 452