# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HANCOCK BANK, a Mississippi banking corporation,**

      **Plaintiff,**

**-vs-**                **Case No. 6:13-cv-318-Orl-41DAB**

**LEXON HOMES, INC., a Florida corporation; JOSEPH KANTOR, an individual; MOSHE ZIV, an individual; jointly and severally; CITY OF ORLANDO, ET AL.,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR DEFICIENCY JUDGMENT (Doc. No. 115)**
>
> **FILED:**    **March 4, 2015**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

*I. Background*

More than two years ago, on February 22, 2013, Plaintiff, then known as Hancock Bank,[1] as assignee of the FDIC as receiver for Peoples First Community Bank, a Florida banking corporation (the "Bank"), filed this commercial mortgage foreclosure action involving real property in Orange County and Seminole County, Florida (Doc. 1). In conjunction with the claims of mortgage

---

[1] According to the instant motion, Plaintiff's name has changed to Whitney Bank.

foreclosure, the Bank sought relief against LEXON HOMES, INC. ("Borrower") under Promissory Notes and JOSEPH KANTOR ("Guarantor") under Guaranties. Ancillary others were named as Defendants, due to their alleged interest in the properties. The Bank was ordered to file an Amended Complaint in order to more fully evaluate jurisdiction (Doc. 39), and it did so on April 30, 2013 (Doc. 45).

On October 18, 2013, following entry of clerk's default against most of the Defendants, including the Borrower and Guarantor, the Bank moved for "final summary judgment" in its favor, on all counts of the Amended Complaint (Doc. 91). Although the Amended Complaint pled that the Borrower and Guarantor were liable for, among other things, attorney's fees and costs, the motion for final summary judgment did not seek an award of attorney's fees or costs, and no proof as to these items was offered.

In subsequent filing, the Bank noted that the Answering Defendants, the City of Orlando and the United States, did not oppose the relief sought (Doc. 97). As such, the District Judge directed Plaintiff to submit a proposed Final Judgment (Doc. 98).

On February 7, 2014, the then presiding District Judge[2] granted the Bank's motion for final summary judgment in the requested amount of $1,164,771.02; inclusive of interest, insurance, appraisal fees, and property taxes through January 30, 2014, but "exclusive of attorney's fees and costs;" and appointed a Special Master to conduct the sales of the property (Doc. 100). The Final Summary Judgment and Order provided that jurisdiction of this action "is retained to enter further orders as are proper including, without limitation, a deficiency judgment(s), and order(s) for writ(s) of possession." *Id.* On February 10, 2014, the District Judge directed that the case be closed, as the Court had "entered a Final Judgment" and "other than post-judgment matters," no further action was required in this case (Doc. 101).

---

[2]The matter has now been reassigned to Judge Mendoza.

On February 26, 2014, nineteen days after the entry of Final Judgment and sixteen days after the case was closed, the Bank moved for reconsideration or clarification of the Order directing closure (Doc. 102), contending that, as the sale of the properties had yet to occur, the Bank "cannot determine whether a deficiency exists as to either property." The Bank also noted that it had yet to file a request for attorneys' fees "and will do so in conjunction with the filing of its Motion for Deficiency Judgment." The Bank requested that the Court "reconsider or clarify its February 7, 2014, Order (Doc. 101) as to closing the case prior to the Court's determination of whether a deficiency exists as well as the amount of attorneys' fees incurred by Hancock Bank in this action, and grant such other and further relief as the Court deems appropriate."

On June 12, 2014, the District Judge granted the Bank's motion, *in part* (Doc. 112), noting only:

> To clarify the Final Judgment entered on February 10, 2014, closing this case does not affect the parties' ability to file post judgment motions, including motions for attorneys' fees, and motions for a deficiency judgment. Closing the case usually occurs after entry of a Final Judgment. It is done for internal statistical and record-keeping purposes. There is no need for this case to be reopened.

*Id.*

The properties were sold, as ordered. On June 26, 2014, the District Judge confirmed the foreclosure sales in an Order which provided, among other things, that "[t]he Court will retain jurisdiction over this case to enforce the Final Judgment, including post-judgment recovery proceedings such as the issuance of deficiency judgments and writs of possession." (Doc. 114).

No subsequent record activity occurred until the instant motion was filed on March 4, 2015, over a year after the entry of Final Judgment. No opposition brief has been filed.

*II. The relief sought*

The motion asserts that the Bank is entitled to a deficiency judgment against the Borrower and the Guarantor, jointly and severally, as the Foreclosure Judgment adjudicated that the Bank was

-3-

entitled to recover the sum of $1,164,771.02 (Doc. 100), and the auction of the properties did not recover sufficient funds to satisfy the Foreclosure Judgment.  The Bank asserts that, in addition to the deficiency, pursuant to the terms of the Final Judgment, it is entitled to recover post-judgment interest and post-judgment costs associated with conducting the foreclosure sale.

In addition to the items set forth in the Final Judgment, the Bank contends that, pursuant to the terms of the Mortgages and the Notes and Guaranties, "the Bank is entitled to recover the prejudgment court costs, post-judgment legal expenses, and the reasonable attorneys' fees incurred in the prosecution of this action." (Doc. 115, ¶ 11).

The Bank itemizes its claim as follows:

| **Foreclosure Judgment** | | **$1,164,771.02** |
|---|---|---|
| | | |
| **Prejudgment Costs** | | |
| Filing fee | $350.00 | |
| Foreclosure Commitments | $550.00 | |
| Production Fees | $730.06 | |
| Certified Copies of Lis Pendens | $27.00 | |
| Recording Fees | $66.00 | |
| Service of Process | $2,641.03 | |
| Total Prejudgment Costs | | $4,364.09 |
| | | |
| **Postjudgment Costs** | | |
| Accrued Interest 2/8-4/29/14  $3.52 per diem | $285.12 | |
| Statutory Publication of Notices of Sale | $490.55 | |
| Special Master (Orange County sale) | $1,200.00 | |
| Accrued Interest 4/30-5/1/2014 $3.12 per diem | $6.24 | |
| Special Master (Seminole County sale) | $1,200.00 | |
| Accrued Interest 5/2/14 - 2/25/15 $2.94 per diem | $882.00 | |

| | | |
|---|---|---|
| Attorneys' Fees and Costs | $43,510.47 | |
| Expert Witness Fee | $50.00 | |
| Total Post Judgment Costs | | $47,574.38 |
| | | |
| **Credits** | | |
| Less Value of Orange County Property | $136,100.00 | |
| Less Value of Seminole County Property | $ 62,001.00 | |
| Total Credits | | $198,101.00 |
| | | |
| | | |
| **Total Claimed** | | **$1,018,658.49** |

Upon review, the Court **recommends** that the Court 1) grant the motion, with respect to the claimed interest and as to post-judgment special master fees and expenses associated with the sale of the properties; 2) deny the motion, with respect to the claim for prejudgment costs, attorneys' fees and costs, and expert witness fee; and 3) enter a deficiency judgment in the total amount of $970,733.93.

*III. Analysis*

The Court applies Florida law in this diversity action. As the Bank states in its motion, in Florida, "a judgment creditor is entitled to a deficiency judgment equal to the total amount listed in the final judgment of foreclosure minus the fair market value of the property as of the foreclosure sale date." *Beach Community Bank v. First Brownsville Co., Arthur C. Bunton. III, and Archibald Hovanesian, Jr.*, 85 So. 3d 1119 (Fla. 1st DCA 2012 (*citing Morgan v. Kelly*, 642 So. 2d 1117 (Fla. 3d DCA 1994)). The term fair market value is generally said to be the price a willing buyer would pay to a willing seller. *Trustees of Cent. States Southeast & Southwest Areas, et al. v. lndico Corp.*, 401 So. 2d 904 (Fla 1st DCA 1981).

Applied here, the total amount listed in the Final Judgment was $1,164,771.02. The terms of the Final Judgment provide that "Plaintiff is entitled to recover post-judgment interest at the legal rate

prescribed by 28 U.S.C.§ 1961 from the date of this judgment until paid." (Doc. 100, ¶¶ 2, 5). The Final Judgment also provides that "Plaintiff shall advance the cost of publishing the Notices of Sale and the Special Master's Fee for conducting the sales of the Orange County Property and the Seminole County Property and shall be reimbursed for them by the Special Master if Plaintiff is not the purchaser of the Orange County Property and/or the Seminole County Property" (Doc. 100, ¶10). Thus, the total amount of the Final Judgment, for deficiency judgment purposes, is the amount adjudicated to be due ($1,164,771.02) plus post-judgment interest of $1173.36 ($285.12 plus $6.24 plus $882.00), the $490.55 cost of publication, and Special Master fees of $2,400.00 ($1,200 plus $1,200), for a total of $1,168,834.93. The fair market value of the Orange County property, established by the sale price, was $136,100.00. The fair market value of the Seminole property was $62,001.00. Thus, the deficiency judgment due to be granted is **$970,733.93** ($1,168,834.93 minus $136,100.00 minus $62,001.00).

To the extent the Bank is seeking to recoup other costs and fees, such as prejudgment costs, attorney's fees and other expenses, it has failed to show that these items were included in the Final Judgment or are properly included in a deficiency judgment. As noted above, despite the fact that the Amended Complaint sought to recover attorney's fees and costs, the motion for entry of judgment did not seek or prove up an award of attorney's fees and costs, and the Final Judgment tendered by the Bank and entered by the Court is expressly "exclusive of attorney's fees and costs." Again, under Florida law, "The correct formula to calculate a deficiency judgment is the total debt, *as secured by the final judgment of foreclosure*, minus the fair market value of the property, as determined by the court." *Morgan v. Kelly*, 642 So.2d 1117 (Fla. 3d DCA 1994) (emphasis added); *see also Chidnese v. McCollem*, 695 So.2d 936, 938 (Fla.4th DCA 1997) ("The secured party has the burden of proving that the fair market value of the property was less than *the total debt determined by the final judgment*"– emphasis added). Put simply, as the Final Judgment does not include attorneys' fees and

costs, they are not part of the adjudicated debt and cannot form the basis of a claim for deficiency. Moreover, the fees and costs are not otherwise taxable at this late date.

Pursuant to the Federal Rules, a claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. Rule 54(d)(2)(A), Fed. R. Civ. Pro. (2014).[3] Here, the right to fees is claimed under the terms of the Notes, Mortgages and Guaranties at issue and is therefore an element of damages under Florida law. Even if such were not the case, however, and the claim could be properly pursued by motion, the Rules provide that: "Unless a statute or a court order[4] provides otherwise, the motion must: (i) be filed *no later than 14 days after the entry of judgment . . ."* Rule 54(d)(2)(B)(i). Here, the instant motion is filed over a year post-judgment. The instant motion, to the extent it seeks (for the first time) adjudication of the amount of prejudgment costs and legal fees, is impermissibly untimely and the Court is therefore without jurisdiction to entertain it.

A same result is had with respect to costs, under 28 U.S.C. §1920 and Rule 54, Fed. R. Civ. Pro. (2014). The Final Judgment did not expressly award costs to the Bank as prevailing party, and the Bank did not file a Bill of Costs, as directed by the Rule. An award of costs is discretionary, although such discretion is not unfettered. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). Here, the Bank plead an entitlement to attorney's fees and costs, but – for some reason not explained in the papers- declined to timely seek either, despite an opportunity to do so. In view of the fact that the Bank's counsel were well aware of the claim for attorney's fees and costs and performed significant

---

[3]Judgment was entered in 2014.

[4]Although the Court reserved jurisdiction to enter a deficiency judgment, writ of possession and/or to enforce the Final Judgment, it did not reserve jurisdiction to entertain other claimed damages. While it is true that the District Judge clarified her Order closing the case by noting that such closure "does not affect the parties' ability to file post judgment motions, including motions for attorneys' fees, and motions for a deficiency judgment," this is merely a recognition that closing a case is an administrative task that does not alter a parties' right to file a post-judgment motion for fees, as is contemplated by Rule 54. Nothing in this language purports to alter the time limitations set forth in the Rule or provide an open-ended period for seeking such attorney's fees. Indeed, the Court granted the motion to clarify only "in part."

work on these elements of the claim *prior to* the entry of Final Judgment,[5] the failure to timely seek to reduce these items to judgment cannot be deemed an oversight. Under the circumstances here, it is recommended that no additional costs be awarded.

For the reasons set forth above, it is respectfully recommended that the motion be granted, in part, and that a deficiency judgment in the Bank's favor be entered, in the total amount of **$970,733.93**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 10, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[5] The time sheets show that, on January 7, 2014, "JFN" prepared an Affidavit of Costs, Affidavit of Reasonable Attorney's Fees, and Affidavit of Attorney's Fees" (Doc. 115-4). On Jan 29, 2014, a timekeeper billed to "Prepare draft motion for determination of entitlement and amount of attorney's fee award, revise draft affidavit of costs, and research regarding attorney's fees and sufficiency of Affidavit for same" (Doc. 115-4, pg. 20). There can be no question that counsel knew it had to timely seek fees and costs.